UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-108-RJC
(3:13-cr-263-RJC-4)

| | |
|---|---|
| **RASHON DONTE HUNTER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 5).

**I.    BACKGROUND**

From 2008 to September 2013, pro se Petitioner Rashon Donte Hunter was involved in a large-scale, drug-trafficking conspiracy in Gaston County, North Carolina. (Crim. Case No. 5:15-cr-41-RLV-DCK-1, Doc. No. 255 at ¶ 7: PSR). During the course of the conspiracy, members distributed at least five kilograms of powder cocaine and at least 280 grams of crack cocaine. (Id. at ¶¶ 7-9). Undercover law enforcement officers and confidential informants conducted over 50 controlled buys of drugs and firearms from members of the conspiracy. (Id. at ¶ 5). In one buy, Petitioner sold a confidential informant 55 grams of cocaine. (Id. at ¶ 59).

A grand jury indicted Petitioner, charging him with conspiracy to possess with intent to distribute at least five kilograms of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (Count One); conspiracy to distribute and to possess with intent

1

to distribute at least 280 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (Count Two); and possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 53). (Id., Doc. No. 19: Indictment).

Petitioner pled guilty to all three charges pursuant to a written plea agreement. (Id., Doc. No. 85 at ¶ 1: Plea Agrmt.). As part of his plea agreement, Petitioner agreed that he understood that "any estimate of the likely sentence is a prediction rather than a promise," that the Court could impose any sentence up to the statutory maximum, and that he could "not withdraw the plea as a result of the sentence imposed." (Id. at ¶ 5). The parties agreed that Petitioner's plea was timely for purposes of acceptance of responsibility and that the amount of cocaine reasonably foreseeable to Petitioner was more than 5, but less than 15, kilograms of powder cocaine, and more than 280 grams, but less than 2.8 kilograms, of crack cocaine. (Id. at ¶ 6).

Petitioner also stipulated that there was a factual basis for his plea and that he had read and understood the factual basis and that it could be used to determine the applicable sentence. (Id. at ¶ 13). Petitioner agreed to waive his right to challenge his conviction and sentence on appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 18-19).

At the plea hearing, Petitioner testified that he understood the nature of the charges and the potential penalties, as well as the fact that the Court could not yet determine his sentence and that he would still be bound by his plea even if he received a higher sentence than he expected. (Id., Doc. No. 398 at 4-9: Plea Tr.)). Petitioner testified that he was guilty of the charges. (Id. at 11). The Government summarized the plea agreement, including the provision that there were no other agreements, representations, or understandings between the parties. (Id. at 11-13).

2

Petitioner agreed that he had reviewed the plea agreement with his attorney and that he understood and agreed to its terms, including the fact that he had waived the right to challenge his conviction and sentence in a post-conviction proceeding. (Id. at 14-15). Petitioner testified that he had not been threatened to plead guilty, that no outside promises of a light sentence been made to him, and that he was satisfied with his attorney. (Id. at 15-16). Based on these representations, the magistrate judge accepted Petitioner's plea, finding that it was knowingly and voluntarily made. (Id. at 18).

A probation officer prepared a presentence report, recommending that Petitioner's base offense level was 30, based on the quantity of drugs involved in the offense, and that he receive a three-level adjustment for acceptance of responsibility, for a total offense level of 27. (Id., Doc. No. 255 at ¶¶ 72, 79-81). The probation officer found that Petitioner had two criminal history points for prior offenses, plus an additional two points pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offense while serving another sentence. (Id. at ¶¶ 87-88). Petitioner also had pending charges in Gaston County, North Carolina, for attempted first-degree murder, discharge of a weapon into a dwelling and moving vehicle, and going armed to the terror of the people. (Id. at ¶ 91). He did not, however, receive any criminal history points for these pending charges. Petitioner's four criminal history points placed him in criminal history category III. (Id. at ¶ 89). Based on Petitioner's offense level and criminal history score, the advisory guidelines range was 87 to 108 months of imprisonment. (Id. at ¶ 111). Due to the statutory mandatory minimum sentence under § 841(b)(1)(A), however, Petitioner's guidelines range became 120 months of imprisonment. (Id. at ¶¶ 110-11).

At sentencing, Petitioner testified that he had read the PSR and reviewed it with his attorney. (Id., Doc. No. 399 at 3: Sent. Tr.). The parties stipulated that there was a factual basis

3

for the plea and that the Court could rely on the PSR to establish the factual basis. (Id. at 2). This Court imposed a sentence of 78 months of imprisonment. (Id. at 11). The Court informed Petitioner of his right to appeal within 14 days, and Petitioner stated that he understood his rights. (Id. at 13). This Court entered judgment on April 20, 2015. (Id., Doc. No. 323: Judgment).

Petitioner filed a pro se notice of appeal on December 8, 2015, and counsel was appointed to represent him. (Id., Doc. Nos. 391, 394). On March 14, 2016, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no nonfrivolous issues for appeal, but raising the issue of whether counsel provided ineffective assistance at sentencing by not requesting that Petitioner's federal sentence run concurrently with any future sentence that he received for the unrelated pending state charges. See United States v. Hunter, No. 15-4768, __ F. App'x __, 2017 WL 444689, at *1 (4th Cir. 2017). The Fourth Circuit found that there were no meritorious issues for appeal and that Petitioner's claim of ineffective assistance of counsel should be raised, if at all, under § 2255. Id.

While Petitioner's appeal was pending, he filed the present motion to vacate on March 3, 2016, raising the following four claims: (1) his guilty plea was involuntary because he understood that his federal sentence and his potential future state sentence were to run concurrently; (2) this Court erred in calculating his criminal history score; (3) his due process rights were violated when this Court did not order his federal sentence to run concurrently with any future state sentence on his unrelated pending state charges; and (4) he received ineffective assistance of counsel because his attorney misadvised him regarding whether his sentences would be concurrent, failed to inform him of his right to appeal, and failed to file an appeal on his behalf. (Civ. Doc. No. 1 at 4-8). In light of the pending appeal, this Court granted the

Government's motion to stay the proceedings until his appeal was decided and gave the Government until 45 days after the Fourth Circuit's decision to file a response. (Civ. Doc. Nos. 3-4).

The Fourth Circuit issued its decision on February 2, 2017, finding no meritorious issues for appeal. Hunter, 2017 WL 444689, at *1. The Government filed its response and motion to dismiss on March 17, 2017, arguing that the motion to vacate should be dismissed because Petitioner waived and procedurally defaulted all of his claims except for his ineffective assistance of counsel claim, and that all of his claims, including his ineffective assistance claim, are without merit. (Doc. No. 5). On April 11, 2017, this Court issued an order giving Petitioner notice of his right to respond to the Government's motion to dismiss. (Doc. No. 6). Petitioner has not filed a response, and the time to do so has passed. Therefore, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Waiver and Procedural Default of Petitioner's Claims.

In its response and motion to dismiss, the Government first contends that Petitioner waived challenges to his guilty plea, criminal history score, and sentence as part of his plea

agreement, and that his claims are also procedurally defaulted for failure to raise them on direct appeal. For the following reasons, the Court agrees. A defendant's knowing and voluntary waiver of the right to collaterally attack his conviction and sentence is enforceable. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). In evaluating claims under § 2255, statements made by a defendant under oath at a plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). As the Fourth Circuit has made clear, "courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," and § 2255 claims that contradict a petitioner's plea colloquy are deemed "patently frivolous or false," except in extraordinary circumstances. Lemaster, 403 F.3d at 221-22.

     Here, Petitioner testified under oath that he understood the terms of his plea agreement, including the waiver of his post-conviction rights, and that his guilty plea was made knowingly and voluntarily. (Crim. Case No. 5:15-cr-41-RLV-DCK-1, Doc. No. 398 at 14-16). He also testified that he understood that his sentence had not yet been determined and that he could not withdraw his plea if his sentence was higher than he expected. (Id. at 9). Thus, Petitioner's assertions that he was coerced into pleading guilty and that his guilty plea was involuntary because he believed that his potential future state sentence would run concurrently with his federal sentence, are belied by his sworn testimony at the plea hearing, and he has not alleged or shown any extraordinary circumstances to overcome this testimony. Accordingly, his post-conviction waiver is valid, see Lemaster, 403 F.3d at 221-22. As the Fourth Circuit held, there were no meritorious issues for Petitioner to raise on appeal. See Hunter, 2017 WL 444689, at *1; see also Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding petitioner may not raise issues decided on direct appeal through collateral attack). Because

6

Petitioner knowingly and voluntarily waived the right to contest his conviction or sentence on post-conviction review, his assertions that his guilty plea was involuntary, that his criminal history score was incorrectly calculated, and that his sentence was erroneous are barred by the waiver and are therefore dismissed for this reason. See Lemaster, 403 F.3d at 220.

Petitioner's claims are also procedurally barred because he did not raise them on direct appeal. A § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014), cert. denied, 135 U.S. 1467 (2015). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

On appeal, Petitioner did not argue that his guilty plea was involuntary, that his criminal history score was incorrectly calculated, or that this Court erred by imposing a sentence without designating that it should run concurrently with a potential future state sentence. Petitioner does not allege that he is actually innocent of the three drug charges to which he pleaded guilty.

7

Although he contends that counsel provided ineffective assistance by failing to file an appeal, this claim is without merit, as discussed below. Therefore, he has not shown cause for his procedural default, nor has he shown actual innocence. Moreover, as the Court discusses below, he also cannot show prejudice because his claims are without merit. Because Petitioner has not shown cause, prejudice, or actual innocence to overcome the procedural bar, his challenges to his guilty plea, criminal history score, and sentence will be dismissed as procedurally barred. See Bousley, 523 U.S. at 621-22.

### B. Merits of Petitioner's Claims.

In its response and motion to dismiss, the Government also contends that, regardless of any waiver or procedural default, Petitioner's claims also fail on the merits. For the following reasons, the Court agrees.

#### 1. Petitioner's claim that his guilty plea was involuntary.

First, as to the claim that his guilty plea was involuntary, Petitioner contends that his attorney misadvised him and that his guilty plea was involuntary because he understood that his federal sentence would run concurrently with any future state sentence. (Doc. No. 1 at 8). He also asserts that he never admitted to the factual basis for his offense. (Id.). These claims are simply belied by the record. The plea agreement did not provide for a concurrent sentence, and Petitioner testified that he was not pleading guilty based on any outside promises. (Crim. Case No. 5:15-cr-41-RLV-DCK-1, Doc. No. 398 at 15-16). Petitioner testified that he was guilty of the offenses, and the parties stipulated to the factual basis for the offenses. (Id. at 11, 14; Doc. No. 85 at ¶ 13). Because Petitioner's claim that his guilty plea was involuntary contradicts his sworn testimony, it is without merit and will be dismissed. See Lemaster, 403 F.3d at 221-22.

#### 2. Petitioner's challenge to his criminal history score.

8

Petitioner next contends that he was denied due process and was prejudiced because four criminal history points were improperly added to his criminal history, which he contends increased his score from Level II to Level IV. (Doc. No. 1 at 4). This claim will be dismissed as conclusory because Petitioner does not identify any basis for his contention that the points should not have been imposed. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).

Additionally, barring a miscarriage of justice, error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). Petitioner has simply not alleged and cannot show any miscarriage of justice. As the PSR states, Petitioner properly received two criminal history points for prior state convictions, as well as two criminal history points for committing the instant offense while still under a criminal justice sentence. (Crim. Case No. 5:15-cr-41-RLV-DCK-1, Doc. No. 255 at ¶¶ 84-85, 88; see also U.S.S.G. § 4A1.1(c), (d)). Thus, he was appropriately found to be in criminal history category III. Moreover, due to the amount of drugs involved in his offense, his guidelines range was based on the statutory mandatory minimum under § 841(b)(1)(A), which was greater than the guidelines range based on his criminal history score. See (Crim. Case No. 5:15-cr-41-RLV-DCK-1, Doc. No. 255 at ¶¶ 110-11). Therefore, this claim is not cognizable under § 2255, and, even if it were cognizable, it would fail on the merits. See Foote, 784 F.3d at 936.

**3. Petitioner's contention that he was entitled to have his federal sentence run concurrently with any future state sentence.**

Petitioner next contends that he was entitled to have his sentence in this Court run concurrently with any future state sentence. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms

9

of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." But cf. Mangum v. Hallembaek, 824 F.3d 98, 102 (4th Cir. 2016) (holding that the language of Section 3584(a) does not create an absolute presumption of consecutive sentences when a later state sentence is imposed). Although a district court has discretion to order a federal sentence to run concurrently or consecutively to an anticipated state sentence, see Setser v. United States, 566 U.S. 231, 236-37 (2012), "there is no constitutional right to have the two sentences run concurrently," Farmer v. Brannon, 865 F.2d 1257, *1 n. (4th Cir. 1988) (unpublished). Petitioner's contention that his due process rights were violated because his federal sentence was not imposed to run concurrently with any future sentence imposed for his unrelated pending state charges is without merit, particularly where the pending state charges involved unrelated conduct, including an attempted-murder charge. See (Crim. Case No. 5:15-cr-41-RLV-DCK-1, Doc. No. 255 at ¶ 91). Accordingly, Petitioner has not shown error with respect to this Court's imposition of his federal sentence.

**4. Petitioner's claims of ineffective assistance of counsel.**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or

10

unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks.  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."  United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Petitioner raises two claims of ineffective assistance of counsel.  He first contends that counsel provided ineffective assistance by misadvising him and coercing him to plead guilty "when he should have received concurrent sentences with his state sentences."  (Doc. No. 1 at 7).  This contention is without merit.  As the Court has already discussed, Petitioner has not shown any basis for imposing concurrent sentences, particularly where Petitioner's federal drug charges were unrelated to his state attempted-murder charges.  Nor has he shown that any future sentence on state charges would have affected the length of the federal sentence.  Additionally, Petitioner

does not allege that, but for counsel's conduct, he would not have pleaded guilty, but would have proceeded to trial. Nor could he show that such a decision would have been reasonable where, as here, he was sentenced below the 120-month mandatory minimum sentence. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). Accordingly, Petitioner has shown neither deficient performance nor prejudice with respect to this claim of ineffective assistance of counsel. See Meyer, 506 F.3d at 369; Cobb v. United States, 583 F.2d 695, 697 (4th Cir. 1978) (holding that time when federal sentence begins, in relation to future state sentence, is a collateral consequence of a guilty plea that need not be explained during the plea proceedings).

Petitioner next contends that he received ineffective assistance of counsel because counsel failed to file an appeal on Petitioner's behalf. A defendant has the ultimate authority to make the fundamental decision whether to take an appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Counsel has a duty to advise a defendant about the advantages and disadvantages of appealing and to determine whether a defendant wants to appeal "when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

Here, Petitioner alleges that his counsel did not advise him of his right to appeal, but he does not assert that he requested counsel to file an appeal. (Doc. No. 1 at 7). In any event, even assuming that counsel should have and did not consult with Petitioner regarding an appeal, Petitioner cannot show prejudice because he, in fact, filed a pro se notice of appeal, he was appointed new counsel, counsel filed an appellate brief on his behalf, and the Fourth Circuit subsequently held that there were no meritorious issues for appeal. See Hunter, 2017 WL 444689, at *1. Because Petitioner cannot show that there is a reasonable probability that the

12

result of the proceeding would have been different but for counsel's alleged failure to inform him of his appellate rights and to file an appeal, this claim of ineffective assistance is dismissed. See Strickland, 466 U.S. at 694.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**. To this extent, the Government's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge